### RIGHT OF REPRESENTATION.

It is not competent for the legislature, when incorporating a new town from territory of one or more existing towns, to authorize such new town to elect a representative to the general court before the next decennial census of polls shall have been taken.

But it is competent for the legislature to provide, in such case, that the new town shall remain as before a component part of the town or towns from which its territory is taken, for the purpose of electing representatives, until a new decennial census of polls.

THE justices of the supreme judicial court, having been requested by a joint order of the two houses, to give their opinion on certain questions (which are sufficiently stated in the answer) touching the right of representation on the division of a town, or the incorporation of a new town, in answer thereto, made the following communication:—

"The undersigned, the justices of the supreme judicial court, having considered the questions proposed to them, thereupon ask leave respectfully to submit the following opinion:—

It appears to have been the manifest intention of the twelfth article of amendment to the constitution to provide for an equal representation of the citizens, by a distribution of representatives amongst towns, according to the number of ratable polls, at fixed periods of ten years. The system is so arranged, that the power of each town, to choose one or more representatives in any one year of the ten years, may depend upon what it has done in some other year of the period. In other words, the power of a town to choose a representative during the later years of the period, may depend on the fact of their having exercised, or forborne to exercise their power, during the earlier years of the period. There is no authority reserved to the legislature, or to any branch of the government, to take any new census of polls, or to make any new distribution of the number of representatives, which each city, town, or district may choose; and to fix the number of years in which they may choose during a period of ten years. It follows, as a necessary consequence, that the distribution, made at the commencement of each period of

ten years, must remain fixed and unalterable during such period, and until a new decennial census of polls is taken, conformably to the constitution. The same conclusion results from the express provisions of the article of amendment. This article declares that the governor and council shall ascertain the number of representatives, which each town and representative district is entitled to elect, and the number of years within the period of ten years, in which each city, town, and district may elect an additional representative; and when a town has not a sufficient number of polls to elect a representative each year, then how many years, within the ten years, such town may elect a representative. This is to be done at the commencement of each period of ten years. It further declares, that the number of representatives which each city, town and representative district may elect, thus ascertained and determined, shall remain fixed and unalterable for the period of ten years. That which the constitution declares unalterable cannot be changed by law.

We are therefore of opinion, in answer to the first question, that it is not competent for the legislature, when incorporating a new town from territory of one or more existing towns, to authorize such new town to elect a representative to the general court, before the next decennial census of polls shall have been taken, after its incorporation.

In answer to the second question, we are of opinion, that it is within the constitutional power of the legislature, when incorporating a new town, consisting of territory set off from another town, or from two or more towns, to provide by law, that the new town, or the inhabitants of that part of the new town which was taken from the old town, shall be and remain a component part of the town or towns to which such territory originally belonged, for the purpose of electing the representatives to which said original towns were entitled by the preceding census of polls, until a new decennial census of polls shall be taken.

There may be some practical inconveniences in such an arrangement, arising from the difficulties of preparing lists of

voters, warning meetings, attending at different places, for different elections on the same day, and the like. These, however, are rather objections of inconvenience in the exercise of the right, than any constitutional impediment to the power of the legislature. The object is to provide for the representation of the citizens, and not of the towns. As it is manifestly within the power of the legislature to leave each town as it is, during the period of the ten years, for all purposes whatever, it seems not inconsistent with their power, to provide that all the inhabitants now composing it shall continue to act together, for one purpose,—that of electing representatives,—and yet may be otherwise arranged into corporations for other municipal purposes.

Of the convenience and expediency of such an arrangement, and the detailed provisions which it may require, the legislature will judge. We are of opinion, that it is within their constitutional authority to make it.

LEMUEL SHAW,
SAMUEL PUTNAM,
S. S. WILDE,
MARCUS MORTON,
CHARLES A. DEWEY.

*Boston, 29th March, 1839.*"

---

## 1840.

### COMMITTEE ON ELECTIONS.

Messrs. *Theophilus Parsons*, of Boston, *Stephen P. Webb*, of Salem, *Amos Spaulding*, of Carlisle, *David Joy*, of Nantucket, *Benjamin Mudge*, of Lynn, *David Fearing*, of Hingham, *Lester Williams*, of West Springfield.